UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BELVINS, JR., | No. 2:23-cv-02674-KJM-CKD PS |
| Plaintiff, | ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND |
| v. | |
| NAVY FEDERAL CREDIT UNION, | |
| Defendant. | |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 1.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

I.      Legal Standards

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

Pleadings by self-represented litigants are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

II.     Analysis

Plaintiff sues the Navy Federal Credit Union under the Equal Credit Opportunity Act (ECOA). To state a claim under the ECOA, a plaintiff must allege that: (1) he is a member of a protected class; (2) he applied for credit with defendants; (3) he qualified for credit; and (4) he was denied credit despite being qualified. See Harvey v. Bank of Am., N.A., 906 F. Supp. 2d 982, 990-91 (N.D. Cal. 2012) (dismissing Plaintiff's ECOA claim as insufficiently pled with leave to amend) (citation omitted); see also Evan v. Wells Fargo Home Mortgage, Inc., 2019 WL

1472102 (D. Nev. April 3, 2019).

Here, plaintiff vaguely alleges that he applied for credit with defendants. (ECF No. 1 at 6.) However, plaintiff has not alleged that he is a member of a protected class, that he qualified for credit, or that he was denied credit despite being qualified. Accordingly, plaintiff fails to plead the required elements of an ECOA claim and has not stated a claim for relief.

### III. Leave to Amend

The court notes that plaintiff has attached screenshots of his communications with the Navy Federal Credit Union from October 2023 indicating that plaintiff's application was denied because plaintiff did not qualify for approval. (Id. at 7-10.) While these messages suggest that amendment would be futile, the undersigned will grant plaintiff leave to amend before recommending dismissal. If plaintiff elects to file an amended complaint, this new pleading shall be captioned "First Amended Complaint." This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. Plaintiff is granted 28 days from the date of this order to file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and

3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: January 31, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, Belv.02674