UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BELVINS, JR., | No. 2:23-cv-02674-KJM-CKD PS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| NAVY FEDERAL CREDIT UNION, | |
| Defendant. | |

On November 23, 2023, plaintiff who is proceeding without counsel in this action, filed a complaint and sought leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 1.)  On February 1, 2024, the undersigned granted plaintiff's motion to proceed IFP and, upon finding plaintiff had failed to state a claim, dismissed plaintiff's complaint and provided plaintiff further leave to amend.  (ECF No. 3.)  Plaintiff timely filed a First Amended Complaint (FAC) on February 28, 2024.  (ECF No. 4.)  However, because plaintiff has not cured the previously identified deficiencies and the FAC does not otherwise state a claim for relief, the undersigned recommends that plaintiff's FAC be dismissed without further leave to amend.

/////

/////

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

I.   Legal Standards

Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, relief cannot be granted for a claim that lacks facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

Pleadings by self-represented litigants are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).  Nevertheless, leave to amend need not be granted when further amendment would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

II.   Analysis

Plaintiff's FAC names the Navy Federal Credit Union as a defendant.  (ECF No. 4.)

Plaintiff wishes "to be extended [his] open ended credit in the amount of 35,000…" (Id. at 2.) This court previously informed plaintiff of the relevant pleading standards and the elements of a claim under the Equal Credit Opportunity Act (ECOA). (ECF No. 3.) Specifically, plaintiff was informed that to state a claim under the ECOA, a plaintiff must allege that: (1) he is a member of a protected class; (2) he applied for credit with defendants; (3) he qualified for credit; and (4) he was denied credit despite being qualified. (Id. at 2, citing Harvey v. Bank of Am., N.A., 906 F. Supp. 2d 982, 990-91 (N.D. Cal. 2012).)

Plaintiff has not alleged that he is a member of a protected class, that he qualified for credit, or that he was denied credit despite being qualified. Plaintiff's FAC contains messages from the Navy Federal Credit Union indicating that his credit application was denied because plaintiff did not qualify for approval based on a low credit score, thus belying the existence of an ECOA claim. (ECF No. 4 at 7, "At this time your score does not qualify for approval.") Accordingly, plaintiff fails to plead the required elements of an ECOA claim and has not stated a claim for relief. The undersigned finds that further amendment would be futile and recommends dismissal without further leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (while the court's approach to pro se litigants is to allow liberal amendment, the court need not do so when it would be futile).

**FINDINGS AND RECOMMENDATIONS**

Accordingly, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time

////

////

1  may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455
2  (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
3  Dated:  March 21, 2024

   _____
   CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

6  21, Belv.02674